**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH-ALLAN QUIZA SORIANO; MICHAEL-ALLAN QUIZA SORIANO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-75127 <br><br> Agency Nos.  A070-034-913 <br> A070-034-916 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Joseph-Allan Quiza Soriano and Michael-Allan Quiza Soriano, natives and

citizens of the Philippines, petition for review of the Board of Immigration

Appeals' ("BIA") order denying their motion to reopen proceedings due to

ineffective assistance of counsel.  Our jurisdiction is governed by 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo claims of ineffective assistance of counsel, and for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not err in concluding petitioners failed to show prejudice where they both testified that they personally had had no problems in the Philippines. *See Iturribarria v. INS*, 321 F.3d 889, 899-90 (9th Cir. 2003) (prejudice results when the performance of counsel "was so inadequate that it may have affected the outcome of the proceedings") (internal quotation marks omitted). Therefore, the BIA did not abuse its discretion in denying their motion to reopen. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (The BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law.").

Petitioners' contention that the immigration judge was biased and hostile, and precluded them from presenting their asylum claim is not supported by the record.

We lack jurisdiction to review petitioners' claim that they are now eligible to adjust their status based on their marriages to United States' citizens because they failed to raise that issue before the BIA and thereby failed to exhaust their administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

08-75127

Petitioners' remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**